UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| William Michael DENNIS,<br><br>    Petitioner,<br><br>  v.<br><br>Robert L. AYERS Jr., Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 5-98-cv-21027-JF<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF CLAIM 9<br><br>[Docket No. 189] |

  In Claim 9 of his application for a writ of habeas corpus, Petitioner contends that "the trial court's failure to instruct on all elements of fetal murder and the multiple murder special circumstance denied petitioner his right to due process and resulted in a fundamentally unfair trial in violation of the fifth, sixth, eighth, and fourteenth amendments." In prior orders, the Court denied Petitioner relief on this claim.

  The Court later granted Petitioner leave to file a motion for reconsideration of Claim 9 in light of *Ring v. Arizona*, 536 U.S. 584 (2002), in which the Supreme Court of the United States held that a jury—rather than a judge—must determine any fact that makes a defendant eligible for the death penalty. *Ring* overruled *Walton v. Arizona*, 497 U.S. 639 (1990), and thus was a "change of law" that might form the basis of a motion for reconsideration, Civil L.R. 7-9(b)(2).

  However, *Ring*'s rule may not be applied retroactively on collateral review. *Schriro v.*

1  *Summerlin*, 542 U.S. 348 (2004).  Petitioner attempts to overcome *Summerlin* by arguing that he
2  is not relying on *Ring* for the change it made in the law; indeed, as already was required in
3  California, it was a jury, not a judge, that set Petitioner's penalty at death.  Rather, for purposes
4  of his motion, he contends that *Ring* reëmphasizes a point that already was settled law—
5  specifically, that all elements of a crime must be proved before a criminal defendant may be
6  found guilty of that crime.  This general principle is indisputably true, and the Court took it into
7  account when it denied relief on Claim 9.

8      In short, Petitioner acknowledges that *Ring* did not change the law in any way material to
9  Claim 9.  Petitioner seeks reconsideration not on the basis of a change of law but because he
10 disagrees with the Court's prior resolution of the claim.  Such disagreement is, of course,
11 insufficient for the Court to grant a motion for reconsideration.

12     Accordingly, and good cause therefor appearing, Petitioner's motion for reconsideration
13 of Claim 9 is denied.

14     IT IS SO ORDERED.

16  DATED: May 5, 2008

                                                JEREMY FOGEL
17                                                 United States District Judge