\*\*E-Filed 7/27/2009\*\*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| William Michael DENNIS,<br><br>    Petitioner,<br><br>    v.<br><br>Robert L. AYERS Jr., Warden of San Quentin State Prison,<br><br>    Respondent. | Case Number 5-98-cv-21027-JF<br><br>DEATH-PENALTY CASE<br><br>ORDER FOLLOWING SUBMISSION OF JOINT CASE-MANAGEMENT STATEMENT<br><br>[Docket No. 249] |

    The parties have filed a joint case-management statement. In the statement, Petitioner declares his intention to file a motion for an evidentiary hearing by November 24, 2009.

    In its order resolving Respondent's second motion for summary judgment, the Court found that there is sufficient evidence in the record to raise triable issues of fact as to whether trial counsel rendered ineffective assistance of counsel in various ways. Petitioner did not fail to develop the factual bases of these claims in state court, as Petitioner's diligent request for a state-court evidentiary hearing was denied. Thus, the Court is required (and in its discretion deems it appropriate) to hold an evidentiary hearing on these claims. *See Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999); *Townsend v. Sain*, 372 U.S. 293, 313 (1963), *modified by Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Accordingly, the filing of a motion for an evidentiary hearing would be superfluous; counsel for Petitioner is specifically directed not to file—or to seek CJA

1  compensation for researching, briefing or filing—such a motion.  The Court will hold an
2  evidentiary hearing on Claims 3, 11, and 17, Subclaim 18.B.7, and Claim 25 (including the
3  component of Claim 25 described in Subclaim 18.B.1.).[1]

4      Respondent suggests in the joint statement that the Court appoint its own expert pursuant
5  to Federal Rule of Evidence 706.  The Court does not see the need for such an appointment, as it
6  expects that the parties' experts will be sufficient; appointing an additional expert likely would
7  be an injudicious use of judicial resources.

8      The Court will hold a case-management conference at 1:30 p.m. on Friday, September 18,
9  2009, to schedule the evidentiary hearing and a pre-evidentiary-hearing conference as well as any
10 briefing or other events that must occur prior to the evidentiary hearing.  Immediately following
11 the case-management conference, the Court will meet ex parte with Petitioner's counsel to
12 discuss budgeting issues.  The parties shall meet and confer and file a joint statement in
13 preparation for the case-management conference no later than fourteen days prior to such
14 conference.

15     IT IS SO ORDERED.

17 DATED: July 27, 2009

                                                                                   _____
                                                                                   JEREMY FOGEL
                                                                                   United States District Judge

---

[1] Although the component of Claim 25 described in Subclaim 5.C.1 remains viable, an evidentiary hearing on that component is unnecessary as the material facts are not in dispute.  The Court finds that it remains premature to resolve Claim 23.

2

Case No. 5-98-cv-21027-JF
ORDER FOLLOWING SUBMISSION OF JOINT CASE-MANAGEMENT STATEMENT
(DPSAGOK)

Copies of this Order were served upon the following persons:

Dane R. Gillette   dane.gillette@doj.ca.gov, DocketingSFAWT@doj.ca.gov, ECFCoordinator@doj.ca.gov, pearl.lim@doj.ca.gov

Gerald August Engler   Gerald.Engler@doj.ca.gov

James Scott Thomson   james@ycbtal.net, AAron@ycbtal.net

Marie Mae Moffat   Marie.Moffat@calbar.ca.gov

Mark A Torres-Gil   mark.torresgil@calbar.ca.gov

Michael David Laurence   docketing@hcrc.ca.gov

Peter Giannini   p.giannini@verizon.net

Ronald B. Bass   basslaw2000@yahoo.com, nikki.fakorede@bass-law.net

Ronald Stephen Matthias   ronald.matthias@doj.ca.gov, dane.gillette@doj.ca.gov, docketingsfawt@doj.ca.gov, ecfcoordinator@doj.ca.gov, nelly.guerrero@doj.ca.gov