**E-Filed 5/2/2011**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| William Michael DENNIS, | Case Number 5-98-cv-21027-JF |
| Petitioner, | DEATH-PENALTY CASE |
| v. | ORDER RESOLVING PENDING MOTIONS; SCHEDULING ORDER |
| Michael MARTEL,[1] Acting Warden of San Quentin State Prison, | |
| Respondent. | [Docs Nos. 257–58 & 260–61] |

Four motions currently are pending in the present action. The present order disposes of all four and adopts a revised schedule for future proceedings.

Petitioner seeks an extension of time to comply with the current schedule. The adoption of a revised schedule in the present order renders the motion moot. Accordingly, and good cause therefor appearing, the clerk will terminate the motion (Doc. No. 257) as moot.

Petitioner also moves for a confidential CJA budget conference. The relevant issues have been resolved as reflected in the CJA confidential file. Accordingly, and good cause therefor appearing, the clerk will terminate the motion (Doc. No. 258) as moot.

---

[1] Michael Martel is substituted automatically as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

Case No. 5-98-cv-21027-JF
ORDER RESOLVING PENDING MOTIONS; SCHEDULING ORDER
(DPSAGOK)

The Supreme Court of the United States recently held that California's timeliness requirement is adequate to bar federal habeas relief. *Walker v. Martin*, 131 S. Ct. 1120 (2011). In light of *Martin*, Respondent moves for leave to file a motion for reconsideration of this Court's prior order regarding the adequacy of certain state procedural rules, *Dennis v. Brown*, 361 F. Supp. 2d 1124 (N.D. Cal. 2005). Good cause appearing therefor the motion (Doc. No. 260) is granted.

The Supreme Court also recently held that where a federal habeas claim has been adjudicated on the merits in state court, a federal court may not consider evidence that was not presented to the state courts. *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). In light of *Pinholster*, Respondent moves for leave to file a motion for reconsideration of this Court's order granting Petitioner an evidentiary hearing, (Doc. No. 250). Good cause appearing therefor the motion, (Doc. No. 261), is granted.

In light of the foregoing, the Court hereby adopts the following revised schedule.

(1) On or before May 31, 2011, Respondent shall file his motions to reconsider.

(2) On or before June 30, 2011, Petitioner shall file any oppositions to the motions to reconsider.

(3) On or before July 15, 2011, Respondent shall file any replies.

(4) Unless otherwise ordered, the Court will take the motions to reconsider under submission upon receipt of the replies or the expiration of time within which to file replies.

(5) On or before November 1, 2011, Petitioner shall provide to Respondent declarations from all persons whose testimony he proposes to present at the mental-health phase of an evidentiary hearing. Each declaration shall summarize the testimony Petitioner proposes to elicit from the witness who signs such declaration, and in the case of expert witnesses, each declaration shall include the following:

(a) a complete statement of all opinions the witness will express and the basis and reasons for such opinions;

(b) the data or other information considered by the witness in forming the opinions;

(c) any exhibits that will be used to summarize or support the opinions;

1      (d)    the witness's qualifications, including the list of all publications authored by the witness in the previous ten years;

    (e)    a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition; and

    (f)    a statement of the compensation to be paid for the study and testimony in the case.

For each non-expert witness, Petitioner also shall provide a copy of all documents, electronically stored information, and tangible things within the possession of Petitioner or his counsel that Petitioner may use to support such witness's testimony. If such materials already have been provided to Respondent, Petitioner shall, in lieu of reproducing that material, specify, by page number, the material that Petitioner may use to support each witness's testimony.

(6)    Between November 2, 2011, and February 23, 2012, Respondent shall conduct discovery as he deems appropriate, including depositions of any of Petitioner's proposed witnesses, as well as a mental-health examination of Petitioner to be performed by a mental-health expert of Respondent's choosing.

(7)    On or before April 4, 2012, Respondent shall provide to Petitioner declarations from all persons whose testimony he proposes to present at the mental-health phase of an evidentiary hearing. Each declaration shall summarize the testimony Respondent proposes to elicit from the witness who signs such declaration, and in the case of expert witnesses, each declaration shall specify the following:

    (a)    a complete statement of all opinions the witness will express and the basis and reasons for such opinions;

    (b)    the data or other information considered by the witness in forming the opinions;

    (c)    any exhibits that will be used to summarize or support the opinions;

    (d)    the witness's qualifications, including the list of all publications authored by the witness in the previous ten years;

    (e)    a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition; and

1  (f) a statement of the compensation to be paid for the study and testimony in the case.
2  For each non-expert witness, Respondent also shall provide a copy of all documents,
3  electronically stored information, and tangible things within the possession of
4  Respondent or his counsel that Respondent may use to support such witness's testimony.
5  If such materials already have been provided to Petitioner, Respondent shall, in lieu of
6  reproducing that material, specify, by page number, the material that Respondent may use
7  to support each witness's testimony.

8  (8) Should the Court reaffirm its determination that Petitioner is entitled to an evidentiary
9  hearing, the mental-health phase of that hearing will convene at 9:00 a.m. on May 7,
10  2012, and shall conclude not later than 5:00 p.m. on May 11, 2012.  Each party shall be
11  allotted not more than fifteen hours within which to make opening statements, examine
12  and cross-examine witnesses, present other evidence, and make closing statements.
13  IT IS SO ORDERED.

15  DATED:  May 2, 2011

16  JEREMY FOGEL
United States District Judge