**E-Filed 9/25/2012**

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| William Michael DENNIS,<br><br>           Petitioner,<br><br>v.<br><br>Kevin CHAPPELL, Acting Warden of San Quentin State Prison,<br><br>           Respondent. | Case Number 5-98-cv-21027-JF<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION<br><br>[Doc. No. 263] |

I. BACKGROUND

In a prior order in this capital habeas action, the Court determined that certain state procedural rules, including the timeliness requirement for state habeas petitions, were inadequate to bar federal habeas relief on at least some of Petitioner's claims. *Dennis v. Brown*, 361 F. Supp. 2d 1124 (N.D. Cal. 2005) (Doc. No. 181). In a separate order, the Court granted Petitioner's request for an evidentiary hearing. (Doc. No. 250.)

The Supreme Court subsequently issued decisions in *Walker v. Martin*, 562 U.S. ___, 131 S. Ct. 1120 (2011), and *Cullen v. Pinholster*, 536 U.S. ___, 131 S. Ct. 1388 (2011). In *Martin*, the Supreme Court found California's timeliness requirement for state habeas applications to be adequate. 131 S. Ct. at 1131. In *Pinholster*, the Supreme Court held that federal habeas review under 28 U.S.C. § 2254(d)(1) (2012) is limited to the record that was before the state court that

adjudicated the claim at issue on the merits. 131 S. Ct. at 1398.

In light of these decisions, this Court granted Respondent leave to move for reconsideration of the Court's prior orders regarding procedural default and granting an evidentiary hearing. (Doc. No. 262.) Respondent has filed such a motion, (Doc. No. 263; *see also* Docs. Nos. 269 & 281–82), and Petitioner has filed an opposition, (Doc. No. 267; *see also* Docs. Nos. 280 & 284).

## II.  PROCEDURAL DEFAULT

After Respondent filed his reply brief, (Doc. No. 269), the Supreme Court issued another decision regarding procedural default, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). As demonstrated by the parties' supplemental briefs, (Doc. No. 280 at 12–20; Doc. No. 281 at 10–15), the relevant law remains unsettled. *See, e.g.*, *Runningeagle v. Ryan*, 686 F.3d 758, 782 n.12 (9th Cir. 2012); *Runningeagle*, slip op. at 1–2 (concurrently filed order remanding for reconsideration in light of *Martinez*). However, the Court need not answer at this time the complex questions created by the current state of the law with respect to procedural default, as the claims at issue likely may be resolved on the merits. Moreover, as Respondent acknowledges, (*e.g.*, Doc. No. 263 at 8), even if certain claims are procedurally defaulted, the Court still will need to determine whether Petitioner can overcome the defaults by demonstrating cause and prejudice or a fundamental miscarriage of justice, and to make that determination the Court still will need to examine the merits of the claims. Accordingly, the Court declines to reconsider the issue of procedural default in isolation. Respondent may renew his motion if the Court ultimately finds any of the claims at issue to be otherwise meritorious.

## III.  EVIDENTIARY HEARING

In *Pinholster*, the Supreme Court observed that "although state prisoners may sometimes submit new evidence in federal court," they are "strongly discourage[d] from doing so." 131 S. Ct. at 1401. This is because the "federal habeas scheme leaves primary responsibility with the state courts" by "channel[ing] prisoners' claims first to the state court." *Id.* at 1398–99 (internal quotation marks and citation omitted). Thus, a federal habeas court "analyz[ing] whether a state court's adjudication resulted in a decision that unreasonably applied federal law" cannot consider

"facts not before the state court." *Id.* at 1399.

Although *Pinholster* did not directly address the scope of evidentiary development in federal habeas actions, Respondent contends that its logic should be extended to prohibit evidentiary development in federal court of claims denied on the merits in state court. (Doc. No. 263 at 10; Doc. No. 269 at 10–12; *id.* at 34–35; Doc. No. 281 at 15–16.) However, as another judge of this Court has observed, "*Pinholster*, though seemingly straightforward and unambiguous, actually raises more questions than it provides answers regarding a district court's ability to conduct evidentiary hearings and permit new evidence in federal habeas proceedings." *Rodriguez v. Adams*, No. 4-4-cv-2233-PJH, 2012 WL 610482, at *2 (N.D. Cal. Feb. 24, 2012). Indeed, *Pinholster* explicitly did not decide "whether a district court may ever choose to hold an evidentiary hearing before it determines that § 2254(d) has been satisfied." *Pinholster*, 131 S. Ct. at 1411 n.20.

The Court of Appeals for the Ninth Circuit outlined an approach in *Gonzalez v. Wong*, 667 F.3d 965 (9th Cir. 2011), that appears to point a reasonable way forward in the present action. *But see, e.g.*, *Runningeagle*, 686 F.3d at 773 (stating in dicta without analysis that the petitioner "is not entitled to an evidentiary hearing or additional discovery because his claim is governed by 28 U.S.C. § 2254(d)(1)"). Pursuant to *Gonzalez*, if additional evidence is developed during federal habeas proceedings, a petitioner who diligently sought factual development in state court, and who wishes to have the evidence considered during the district court's § 2254(d)(1) analysis, must first present the evidence to the state court if the state court remains open to hear the evidence. If the new materials "strengthen [the relevant] claim to the point that [the petitioner's] argument would be potentially meritorious—that is, that a reasonable state court might be persuaded to grant relief on that claim," then the district court should "stay the proceeding in order to give [the petitioner] an opportunity to return to state court and present his claim with the benefit of the materials that were not available and not part of the record at the time of the California Supreme Court decision." 667 F.3d at 972. This ensures that "habeas claims of state prisoners be channeled in the first instance to the state court." *Id.* (citing *Pinholster*, 131 S. Ct. at 1398). "It also protects [a petitioner's] interest in obtaining federal

review of his claim," *id.* at 980, for a diligent petitioner's "interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). "Once the state court has spoken" on a claim in light of new evidence, a petitioner "may, if necessary, return to district court and reactivate the federal proceedings." *Gonzalez*, 667 F.3d at 980.[1]

Accordingly, *Gonzalez* teaches that the prudent course is for the Court to hold the evidentiary hearing that it previously granted. If evidence is developed that renders any claim potentially meritorious, it may become appropriate at that time to stay the present action while Petitioner presents the evidence to the California Supreme Court; otherwise, this Court simply may deny the claims on the merits.

## IV. DISPOSITION

Good cause appearing therefor, Respondent's motion for reconsideration of the Court's prior orders regarding procedural default and granting an evidentiary hearing, (Doc. No. 263), is denied, consistent with the discussion herein.

Within thirty days after the present order is posted, the parties shall file a joint statement including a proposed schedule for, inter alia, any necessary discovery and disclosures as contemplated in paragraphs 5–7 of the May 2, 2011, scheduling order, as well as proposed dates for an evidentiary hearing as contemplated in paragraph 8 of that order.

IT IS SO ORDERED.

DATED: September 25, 2012

JEREMY FOGEL
United States District Judge

---

[1] The Court is not persuaded by Respondent's suggestion, (Doc. No. 281 at 21–22), that the holding of *Gonzalez* be limited to its facts and by its particular procedural posture.

4

Case No. 5-98-cv-21027-JF
ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION
(DPSAGOK)