1    **E-Filed 9/25/2012**

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                  SAN JOSE DIVISION

11

12   William Michael DENNIS,              | Case Number 5-98-cv-21027-JF

13              Petitioner,               | DEATH-PENALTY CASE

14        v.                              | ORDER DENYING RESPONDENT'S
                                          | MOTION FOR RECONSIDERATION
15   Kevin CHAPPELL, Acting Warden
     of San Quentin State Prison,

16              Respondent.               | [Doc. No. 263]

17

18                   I.  BACKGROUND

19       In a prior order in this capital habeas action, the Court determined that certain state

20   procedural rules, including the timeliness requirement for state habeas petitions, were inadequate

21   to bar federal habeas relief on at least some of Petitioner's claims. *Dennis v. Brown*, 361 F.

22   Supp. 2d 1124 (N.D. Cal. 2005) (Doc. No. 181).  In a separate order, the Court granted

23   Petitioner's request for an evidentiary hearing.  (Doc. No. 250.)

24       The Supreme Court subsequently issued decisions in *Walker v. Martin*, 562 U.S. ___, 131

25   S. Ct. 1120 (2011), and *Cullen v. Pinholster*, 536 U.S. ___, 131 S. Ct. 1388 (2011).  In *Martin*,

26   the Supreme Court found California's timeliness requirement for state habeas applications to be

27   adequate.  131 S. Ct. at 1131.  In *Pinholster*, the Supreme Court held that federal habeas review

28   under 28 U.S.C. § 2254(d)(1) (2012) is limited to the record that was before the state court that

1  adjudicated the claim at issue on the merits.  131 S. Ct. at 1398.

2          In light of these decisions, this Court granted Respondent leave to move for

3  reconsideration of the Court's prior orders regarding procedural default and granting an

4  evidentiary hearing.  (Doc. No. 262.)  Respondent has filed such a motion, (Doc. No. 263; *see*

5  *also* Docs. Nos. 269 & 281–82), and Petitioner has filed an opposition, (Doc. No. 267; *see also*

6  Docs. Nos. 280 & 284).

## II.  PROCEDURAL DEFAULT

8          After Respondent filed his reply brief, (Doc. No. 269), the Supreme Court issued another

9  decision regarding procedural default, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  As

10  demonstrated by the parties' supplemental briefs, (Doc. No. 280 at 12–20; Doc. No. 281 at

11  10–15), the relevant law remains unsettled.  *See, e.g.*, *Runningeagle v. Ryan*, 686 F.3d 758, 782

12  n.12 (9th Cir. 2012); *Runningeagle*, slip op. at 1–2 (concurrently filed order remanding for

13  reconsideration in light of *Martinez*).  However, the Court need not answer at this time the

14  complex questions created by the current state of the law with respect to procedural default, as

15  the claims at issue likely may be resolved on the merits.  Moreover, as Respondent

16  acknowledges, (*e.g.*, Doc. No. 263 at 8), even if certain claims are procedurally defaulted, the

17  Court still will need to determine whether Petitioner can overcome the defaults by demonstrating

18  cause and prejudice or a fundamental miscarriage of justice, and to make that determination the

19  Court still will need to examine the merits of the claims.  Accordingly, the Court declines to

20  reconsider the issue of procedural default in isolation.  Respondent may renew his motion if the

21  Court ultimately finds any of the claims at issue to be otherwise meritorious.

## III.  EVIDENTIARY HEARING

23          In *Pinholster*, the Supreme Court observed that "although state prisoners may sometimes

24  submit new evidence in federal court," they are "strongly discourage[d] from doing so."  131 S.

25  Ct. at 1401.  This is because the "federal habeas scheme leaves primary responsibility with the

26  state courts" by "channel[ing] prisoners' claims first to the state court."  *Id.* at 1398–99 (internal

27  quotation marks and citation omitted).  Thus, a federal habeas court "analyz[ing] whether a state

28  court's adjudication resulted in a decision that unreasonably applied federal law" cannot consider

Case No. 5-98-cv-21027-JF
ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION
(DPSAGOK)

1  "facts not before the state court." *Id.* at 1399.

2       Although *Pinholster* did not directly address the scope of evidentiary development in

3  federal habeas actions, Respondent contends that its logic should be extended to prohibit

4  evidentiary development in federal court of claims denied on the merits in state court.  (Doc. No.

5  263 at 10; Doc. No. 269 at 10–12; *id.* at 34–35; Doc. No. 281 at 15–16.)  However, as another

6  judge of this Court has observed, "*Pinholster*, though seemingly straightforward and

7  unambiguous, actually raises more questions than it provides answers regarding a district court's

8  ability to conduct evidentiary hearings and permit new evidence in federal habeas proceedings."

9  *Rodriguez v. Adams*, No. 4-4-cv-2233-PJH, 2012 WL 610482, at *2 (N.D. Cal. Feb. 24, 2012).

10  Indeed, *Pinholster* explicitly did not decide "whether a district court may ever choose to hold an

11  evidentiary hearing before it determines that § 2254(d) has been satisfied."  *Pinholster*, 131 S. Ct.

12  at 1411 n.20.

13       The Court of Appeals for the Ninth Circuit outlined an approach in *Gonzalez v. Wong*,

14  667 F.3d 965 (9th Cir. 2011), that appears to point a reasonable way forward in the present

15  action.  *But see, e.g.*, *Runningeagle*, 686 F.3d at 773 (stating in dicta without analysis that the

16  petitioner "is not entitled to an evidentiary hearing or additional discovery because his claim is

17  governed by 28 U.S.C. § 2254(d)(1)").  Pursuant to *Gonzalez*, if additional evidence is developed

18  during federal habeas proceedings, a petitioner who diligently sought factual development in

19  state court, and who wishes to have the evidence considered during the district court's

20  § 2254(d)(1) analysis, must first present the evidence to the state court if the state court remains

21  open to hear the evidence.  If the new materials "strengthen [the relevant] claim to the point that

22  [the petitioner's] argument would be potentially meritorious—that is, that a reasonable state

23  court might be persuaded to grant relief on that claim," then the district court should "stay the

24  proceeding in order to give [the petitioner] an opportunity to return to state court and present his

25  claim with the benefit of the materials that were not available and not part of the record at the

26  time of the California Supreme Court decision."  667 F.3d at 972.  This ensures that "habeas

27  claims of state prisoners be channeled in the first instance to the state court."  *Id.* (citing

28  *Pinholster*, 131 S. Ct. at 1398).  "It also protects [a petitioner's] interest in obtaining federal

1   review of his claim," *id.* at 980, for a diligent petitioner's "interest in obtaining federal review of

2   his claims outweighs the competing interests in finality and speedy resolution of federal

3   petitions." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  "Once the state court has spoken" on a

4   claim in light of new evidence, a petitioner "may, if necessary, return to district court and

5   reactivate the federal proceedings." *Gonzalez*, 667 F.3d at 980.[1]

6          Accordingly, *Gonzalez* teaches that the prudent course is for the Court to hold the

7   evidentiary hearing that it previously granted.  If evidence is developed that renders any claim

8   potentially meritorious, it may become appropriate at that time to stay the present action while

9   Petitioner presents the evidence to the California Supreme Court; otherwise, this Court simply

10  may deny the claims on the merits.

11                          IV.  DISPOSITION

12         Good cause appearing therefor, Respondent's motion for reconsideration of the Court's

13  prior orders regarding procedural default and granting an evidentiary hearing, (Doc. No. 263), is

14  denied, consistent with the discussion herein.

15         Within thirty days after the present order is posted, the parties shall file a joint statement

16  including a proposed schedule for, inter alia, any necessary discovery and disclosures as

17  contemplated in paragraphs 5–7 of the May 2, 2011, scheduling order, as well as proposed dates

18  for an evidentiary hearing as contemplated in paragraph 8 of that order.

19         IT IS SO ORDERED.

20

21  DATED:  September 25, 2012

22                                          JEREMY FOGEL
                                            United States District Judge

23

24

25

26

27

28  ───────────────────
    [1] The Court is not persuaded by Respondent's suggestion, (Doc. No. 281 at 21–22), that the
    holding of *Gonzalez* be limited to its facts and by its particular procedural posture.

4

Case No. 5-98-cv-21027-JF
ORDER DENYING RESPONDENT'S MOTION FOR RECONSIDERATION
(DPSAGOK)