# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| William Michael DENNIS,<br><br>Petitioner,<br><br>v.<br><br>Kevin CHAPPELL,<br>Acting Warden of San Quentin State Prison,<br><br>Respondent. | Case Number 5-98-cv-21027-JF<br><br>DEATH-PENALTY CASE<br><br>ORDER DENYING RESPONDENT'S REQUEST TO CERTIFY INTERLOCUTORY APPEAL<br><br>[Doc. No. 286] |

In a prior order in this capital habeas action, the Court granted Petitioner's request for an evidentiary hearing. (Doc. No. 250.) The Court subsequently denied Respondent's motion for reconsideration in light of *Cullen v. Pinholster*, 536 U.S. ___, 131 S. Ct. 1388 (2011), in which the Supreme Court held that federal habeas review under 28 U.S.C. § 2254(d)(1) (2012) is limited to the record that was before the state court that adjudicated the claim at issue on the merits. (Doc. No. 285.)

Respondent seeks to file an interlocutory appeal from the order denying reconsideration. (Doc. No. 286.) He may not do so unless the Court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2012).

For a question of law to be considered "controlling" in this context, it "must be shown . . . that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). Examples of controlling questions include "'the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied.'" *Id.* at 1026–27 (quoting *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)); *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) ("an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter").

A question is not controlling if it is merely "one the resolution of which may appreciably shorten the time, effort, or expense of conducting a lawsuit." *Cement*, 673 F.2d at 1027. This is because

> Congress could easily have chosen only to require that a question materially advance the litigation in order for it to be immediately reviewable. Since Congress chose to add the additional requirement that the issue for which review is sought must be a "controlling question of law," it would be improper . . . to construe the statute as though these two requirements were interchangeable.

*Id.* Thus, "issues collateral to the merits" are not considered controlling unless "'exceptional circumstances' justif[y] the departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.* at 1027 n.5 (quoting *Coopers & Lybrand*, 437 U.S. 463, 475 (1978)). Examples of questions that are not controlling include a "'question of privilege'" in connection with an "'order to produce documents,'" *Cement*, 673 F.2d at 1026–27 (quoting *Woodbury*, 263 F.2d at 787), and whether a district judge's decision to recuse himself was erroneous, *Cement*, 673 F.2d at 1026–27.

The question presently at issue is whether the Court, in the exercise of its discretion, may conduct a limited evidentiary hearing with respect to mental-health issues at this point in the litigation. This question is materially indistinguishable from whether a discovery order is proper, which was held to be not controlling in *Woodbury*, 263 F.2d 784. As is the case with discovery, the fact that evidence may be adduced does not necessarily mean that such evidence ultimately

will determine or affect the outcome of the proceeding. This Court has concluded that even within the limits established by *Pinholster*, some factual development with respect to mental-health issues may be warranted. "At best, all that can be said if [this] decision was erroneous and can be overturned immediately upon appeal, some time at the district court level may ultimately be saved. . . . If so, that would not materially affect the outcome of this litigation, but only its duration." *Cement*, 673 F.2d at 1027. Moreover, Respondent's position assumes that the Court would not otherwise order an evidentiary hearing at a later stage of this litigation, which is by no means clear.

The Court therefore concludes that its order denying reconsideration does not involve a controlling question of law. Accordingly, the Court must, and hereby does, deny Respondent's request that it certify an interlocutory appeal from that order, (Doc. No. 286).

The Court shortly will issue a revised scheduling order for the mental-health phase of the evidentiary hearing. In the meantime, counsel for Petitioner is directed to contact the Criminal Justice Act Supervising Attorney to resume efforts to develop a reasonable budget for the mental-health phase of the evidentiary hearing and pre-hearing preparation. (*Cf.* Doc. No. 254 at 1.) In addition, Petitioner shall begin to prepare declarations from all persons whose testimony he proposes to present at that phase. (*Cf.* Doc. No. 262 at 2–3.) Each declaration shall summarize the testimony Petitioner proposes to elicit from the witness who signs such declaration, and in the case of expert witnesses, each declaration shall include the following:

(a) a complete statement of all opinions the witness will express and the basis and reasons for such opinions;

(b) the data or other information considered by the witness in forming the opinions;

(c) any exhibits that will be used to summarize or support the opinions;

(d) the witness's qualifications, including the list of all publications authored by the witness in the previous ten years;

(e) a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition; and

(f) a statement of the compensation to be paid for the study and testimony in the case.

3

1     For each non-expert witness, Petitioner also shall provide a copy of all documents,
2 electronically stored information, and tangible things within the possession of Petitioner or his
3 counsel that Petitioner may use to support such witness's testimony.  If such materials already
4 have been provided to Respondent, Petitioner shall, in lieu of reproducing that material, specify,
5 by page number, the material that Petitioner may use to support each witness's testimony.  The
6 Court reminds the parties that, "[u]nless otherwise ordered, the parties shall call only medical and
7 legal professionals to testify at the mental-health phase of the evidentiary hearing." (Doc. No.
8 254 at 1.)
9     The Court retains the authority to limit the scope of the evidentiary hearing, or to dispense
10 with it altogether, in light of these required submissions.

12     IT IS SO ORDERED.

14 DATED:  December  GF , 2012

_____
JEREMY FOGEL
United States District Judge