**E-Filed 2/3/2014**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MICHAEL DENNIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>　　　　Respondent. | Case No. 5:98-cv-21027-JF<br><br>ORDER CLARIFYING ORDER ISSUED DECEMBER 21, 2012 |

On December 21, 2012, the Court issued an order directing Petitioner "to prepare declarations from all persons whose testimony he proposes to present" at the mental health phase of the evidentiary hearing. Order of Dec. 21, 2012 ("Dec. 21 Order") at 3, ECF No. 290. The Court indicated that each declaration must summarize the testimony that Petitioner proposes to elicit from the witness, and in the case of expert witnesses, each declaration must include the following:

　　(a)　a complete statement of all opinions the witness will express and the basis and reasons for such opinions;

　　(b)　the data or other information considered by the witness in forming the opinions;

　　(c)　any exhibits that will be used to summarize or support the opinions;

　　(d)　the witness's qualifications, including the list of all publications authored by the witness in the previous ten years;

1    (e)    *a list of all other cases in which, during the previous four years, the witness has testified as an expert at trial or by deposition; and*

(f)    a statement of the compensation to be paid for the study and testimony in the case.

Dec. 21 Order at 3, ECF No. 290 (emphasis added).

In October 2013, Petitioner provided the required information with respect to six expert witnesses: Samuel Benson, M.D.; Alexander Caldwell, Ph.D.; Thomas Nolan, Esq.; John Stephenson, Ph.D.; Dale Watson, Ph.D.; and George Woods, M.D. ECF Nos. 299-300. Shortly thereafter, Respondent's counsel requested that Petitioner provide the names of the courts or administrative bodies before which each disclosed expert had testified, the names of the parties, the case numbers, and whether the testimony was provided at trial or deposition. ECF No. 309-1. Respondent's counsel also requested that Petitioner provide the names of all proceedings in which each disclosed expert had provided opinions "testimonially," even if by declaration rather than by trial testimony or deposition. *Id.*

Petitioner's counsel indicated that he did not necessarily agree that this additional information was required by the Court's order, but that he would try to obtain the names of the courts and the case numbers for the cases that had been disclosed. *Id.* Petitioner provided the requested information regarding courts and case numbers in November 2013. ECF Nos. 306, 308. Petitioner's counsel also agreed to and did submit a questionnaire to each of Petitioner's experts, asking the following:

> 1. a. Have you, since October 18, 2009, executed under penalty of perjury a declaration or affidavit containing any statement of your expert opinion on any subject, which declaration or affidavit you know or believe was prepared for the purpose of submission to a court in connection with any legal proceeding?
>
> 1. b. If the answer to question 1.a is yes, please identify the parties to the proceeding(s), the docket number of the proceeding(s), and the jurisdiction in which the proceeding(s) occurred.
>
> 2. a. To the best of your knowledge, since October 18, 2009, has any declaration or affidavit made under penalty of perjury that bears your signature and contains your statement of expert opinion on any subject been submitted by anyone to any court in connection with any legal proceeding?
>
> 2. b. If the answer to question 2.a. is yes, please identify (unless you have already done so in response to 1.b) the parties to the proceeding(s), the docket number of the proceeding(s), and the jurisdiction in which the proceeding(s) occurred.

2

1  ECF No. 309-1. Petitioner's counsel represents that the experts do not keep lists of cases in which
2  they submitted declarations; cannot construct such lists without significant effort; and are reluctant
3  to disclose cases in which they provided declarations because of confidentiality concerns. ECF No.
4  309. Respondent's counsel insists that Petitioner must provide this information with respect to each
5  expert.

6  The Court's order specifies that Petitioner must disclose all cases in which his expert
7  witnesses have "testified as an expert at *trial* or by *deposition*." ECF No. 290 (emphasis added).
8  The order does not require Petitioner to disclose cases in which his experts have provided
9  *declarations*. While it takes Respondent's point that experts commonly provide expert opinion by
10 declaration in habeas cases, the fact remains that declarations are not synonymous with trial
11 testimony or depositions, and the Court ordered disclosure only of the latter and not the former. The
12 Court appreciates that Petitioner's counsel nonetheless asked the experts for information on prior
13 declarations. Given the representation of Petitioner's counsel that Petitioner's experts cannot
14 readily access information regarding cases in which they have submitted declarations, and the
15 absence of case authority mandating disclosure of an expert's prior declarations, the Court hereby
16 CLARIFIES that its order does not require disclosure of cases in which an expert submitted a
17 declaration but did not provide testimony at trial or by deposition.
18 IT IS SO ORDERED.

20 DATED: February 3, 2014

21                                          __/s/_____
                                            JEREMY FOGEL
22                                          United States District Judge