1

2

**E-Filed 2/11/2014**

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11

12   WILLIAM MICHAEL DENNIS,            Case No. 5:98-cv-21027-JF

13            Petitioner,               ORDER RE PETITIONER'S CLAIM OF
                                        PRIVILEGE; PETITIONER'S
14        v.                            ADMINISTRATIVE MOTION TO FILE
                                        PRIVILEGED MATERIAL UNDER SEAL;
15   KEVIN CHAPPELL, Warden of San Quentin   AND RESPONDENT'S MOTION TO STRIKE
     State Prison,                      PETITIONER'S REPLY OR, IN THE
16                                      ALTERNATIVE, FOR LEAVE TO SUBMIT A
            Respondent.                 RESPONSE TO PETITIONER'S REPLY
17
                                        [Re ECF Nos. 320, 321, and 326]
18

19       Before the Court are:  (1) Petitioner's claim of privilege; (2) Petitioner's motion to file

20   privileged documents under seal; and (3) Respondent's motion to strike Petitioner's reply to

21   Respondent's opposition to the motion to file under seal or, in the alternative, to submit a response

22   to Petitioner's reply.  For the reasons discussed below, the Court concludes that Petitioner is

23   precluded from asserting privilege as to the documents in question.  Petitioner's motion to file

24   privileged documents under seal and Respondent's motion to strike Petitioner's reply will be denied,

25   and Respondent's alternative motion to file a response to Petitioner's reply will be granted.

26                              I. BACKGROUND

27       Petitioner, then represented by attorney Peter Giannini, filed the instant petition for writ of

28   habeas corpus on May 2, 2001.  Pet., ECF No. 59.  On October 3, 2002, Respondent sought leave to

United States District Court
For the Northern District of California

serve a request for production of trial counsel's files.  Mot. for Leave to Serve Req. for Produc., ECF No. 126.  Petitioner opposed that motion, arguing among other things that he should not be required to produce documents protected by the attorney-client privilege.  Opp. to Mot. for Leave to Serve Req. for Produc., ECF No. 129.  On November 15, 2002, the Court issued an order granting Respondent's motion.  Order Granting Resp't's Mot. Re Produc. of Trial Counsel's File, ECF No. 136.  The Court directed Petitioner to "index any and all documents which he argues are privileged," and ordered that "[s]uch indexed documents shall be sealed and presented to the Court for consideration not later than ten (10) days after receipt of this order."  *Id.* at 2. The Court stated that it would review the documents *in camera* and determine which documents, if any, would be produced to Respondent.  *Id.*  The Court ordered Petitioner to produce the remainder of trial counsel's files within ten days after receipt of the order.  *Id.*  The Court also directed Petitioner to "submit not later than five (5) days after receipt of this order a proposed protective order that provides that the documents produced by Petitioner be deemed confidential and may be used solely for the purposes of the evidentiary hearing in this case."  *Id.*

On November 25, 2002, Petitioner filed an unopposed motion seeking a fourteen-day extension of time to provide the privilege log and accompanying documents to the Court for *in camera* review.  Mot. for Extension of Time to Complete Disc., ECF No. 138.  Petitioner also sought a forty-five day extension of time to complete discovery.  *Id.*  On December 3, 2002, the Court issued an order granting the unopposed motion, directing that "[c]ounsel for petitioner shall submit to the Court, under seal, any materials which petitioner argues are privileged by December 13, 2002."  Order of Dec. 3, 2002, ECF No. 140.  On the same date, the Court approved a proposed protective order that had been submitted by Petitioner.  Protective Order, ECF No. 139.  Despite seeking and being granted an extension of time to do so, Mr. Giannini never submitted a privilege log on behalf of Petitioner, nor did he submit any documents to the Court for *in camera* review.  Pet'r's Notice Re Disclosure of Trial Counsel's Files at 2, ECF No. 307.

On November 6, 2006, Petitioner's current counsel, James Thomson, was appointed as second counsel in the case.  *See* Order of Mar. 29, 2007 at 1 (reciting circumstances surrounding Mr. Thomson's appointment), ECF No. 221.  On July 30, 2013, the Court relieved Mr. Giannini as

2

counsel and appointed Mr. Thomson as lead counsel.  Order Re Ex Parte Mot. for Substitution of

Counsel at 1, ECF No. 292.  On August 19, 2013, Mr. Thomson received forty boxes of documents

from Mr. Giannini.  Decl. of Aaron Jones ¶ 4, ECF No. 307-2.  The boxes were in disarray – several

were labeled incorrectly, while others contained a mix of trial counsel's files, appellate counsel's

files, and habeas counsel's files.  *Id.*  It was the understanding of Mr. Thomson's office that Mr.

Giannini previously had disclosed all of trial counsel's files to Respondent.  *Id.* ¶ 6.

On October 15, 2013, Mr. Thomson's office contacted the office of Respondent's counsel,

Ronald Matthias, to request an inventory of trial counsel's files that had been disclosed to

Respondent by Mr. Giannini.  Decl. of Aaron Jones ¶ 8, ECF No. 307-2.  Mr. Matthias stated that he

had not received an inventory from Mr. Giannini and had not created one himself.  *Id.* ¶ 9.  On

November 5, 2013, Mr. Thomson's paralegal went to the Attorney General's Office in San Jose,

California, and was given access to four boxes of trial counsel's files that Mr. Giannini had

produced to Mr. Matthias.  *Id.* ¶ 11.  A comparison of the materials in those four boxes with four

similar boxes in Mr. Thomson's possession revealed that Mr. Matthias's four boxes were missing

approximately three hundred pages contained in Mr. Thomson's four boxes.  *Id.* ¶ 12(a).  Mr.

Thomson arranged to have those pages copied and sent to Mr. Matthias.  *Id.* ¶ 14.

Mr. Thomson also determined that he possessed an additional five boxes of trial counsel's

files that Mr. Matthias apparently did not possess.  Decl. of Aaron Jones ¶ 12(b), ECF No. 307-2.

Mr. Thomson arranged to have all "non-privileged" material contained in the additional five boxes

copied and sent Mr. Matthias.  Pet'r's Claim of Privilege at 4, ECF 320.  Petitioner withheld sixty

documents on grounds that they contain privileged attorney-client communications, work product,

or self-incriminating statements.  *Id*. at 6-8.

Petitioner's Claim of Privilege

On January 26, 2014, Petitioner filed a document entitled "Petitioner's Claim of Privilege

and Privilege Log," indexing the documents as to which privilege is asserted.  *Id.*  Respondent

objected to that filing.  Resp't's Opp'n and Obj., ECF No. 322.  On February 3, 2014, Petitioner

filed a "Notice of Compliance with this Court's Order Granting Respondent's Motion Regarding

Production of Trial Counsel's File."  Notice of Compliance, ECF No. 329.  Petitioner's Notice of

3

United States District Court
For the Northern District of California

1   Compliance references the Court's Order Granting Respondent's Motion Re Production of Trial

2   Counsel's File dated November 15, 2002.

3            Petitioner's Administrative Motion to File Under Seal

4            On January 26, 2014, concurrently with his privilege log, Petitioner filed an administrative

5   motion to file under seal the sixty documents as to which he asserts privilege.  Pet'r's Mot. to Seal,

6   ECF No. 321.  Respondent filed opposition to that motion on January 28, 2014.  Resp't's Opp'n and

7   Obj., ECF No. 322.  Petitioner filed a reply on January 29, 2014.  Pet'r's Reply, ECF 324.

8            Respondent's Motion to Strike

9            On January 30, 2014, Respondent moved to strike Petitioner's reply, arguing that the reply is

10  not authorized by the Civil Local Rules.  Resp't's Mot. to Strike, ECF 326.  In the alternative,

11  Respondent requested leave to file a response to the reply.  *Id.*  On February 2, 2014, Petitioner filed

12  opposition to Respondent's motion to strike his reply and a statement of non-opposition to

13  Respondent's alternative motion for leave to file a response.  Pet'r's Resp., ECF No. 328.  On

14  February 3, 2014, Mr. Matthias filed a reply regarding his motion to strike.  Resp't's Reply, ECF

15  No. 330.

16                          **II. DISCUSSION**

17  **A.    Procedural Issues**

18           Before turning to the substantive issues raised by these filings, the Court addresses a

19  procedural matter.  The Civil Local Rules provide that any opposition to an administrative motion to

20  seal must be filed within four days and that the motion is deemed submitted on the day after the

21  opposition is due.  Civ. L.R. 7-11(b), (c).  The rule does not contemplate or authorize the filing of a

22  reply.  As noted above, Petitioner nonetheless filed a reply.  Respondent moved to strike the reply

23  or, in the alternative, for leave to file a response to the reply, which sparked additional filings by

24  both sides.  The Court prefers strongly not to receive briefing in this piecemeal manner, particularly

25  on the eve of a hearing.  However, because the briefs presented substantive information and

26  argument regarding the issue of privilege, and because the Court perceives no prejudice to either

27  party, the Court in the exercise of its discretion has considered all of the briefs filed to date.

28  Accordingly, although Respondent points out correctly that Petitioner's reply filed on January 29,

1    2014 was not authorized by the Civil Local Rules, Respondent's motion to strike will be denied.

2    Respondent's alternative motion for leave to file a response to Petitioner's reply will be granted.

3    **B.      Substantive Issues**

4              With respect to the motion to seal, Respondent asserts that Petitioner has misapprehended

5    the Court's November 2002 order, in which the Court directed that any documents as to which

6    privilege is claimed "shall be sealed and presented to the Court for consideration."  Order Granting

7    Resp't's Mot. Re Produc. of Trial Counsel's File at 2, ECF No. 136.  Respondent contends that by

8    using the word "sealed," the Court did not mean to suggest that Petitioner *file* the documents under

9    seal, but rather that Petitioner present them to the Court for *in camera* review.  The Court agrees

10   with Respondent.  Although the wording of the order arguably is ambiguous, the Court's intention

11   was not that Petitioner file the documents as to which privilege is asserted, but rather that

12   Respondent present those documents to the Court for *in camera* review.  Petitioner has done so.

13   Accordingly, because there is no need to file the documents at this time, Petitioner's administrative

14   motion to seal will be denied.

15             With respect to the assertion of privilege itself, Respondent points out that Petitioner has

16   missed the deadline for making such assertion by more than a decade.  Resp't's Opp'n and Obj. at 2,

17   ECF No. 322.  Respondent also argues that Petitioner has waived the attorney-client privilege by

18   claiming ineffective assistance of trial counsel.  *Id.* at 2.  Finally, Respondent indicates that at least

19   some of the documents listed in the privilege log have been disclosed.  Resp't's Opp'n and Obj. at 2,

20   ECF No. 322.  As to the latter point, Petitioner acknowledges that two of the documents listed in the

21   privilege log were disclosed previously, and he withdraws the assertion of privilege as to those

22   documents.

23             Any discovery permitted by the Court in a capital habeas case must comply with the Federal

24   Rules of Civil Procedure and this Court's Civil Local Rules.  Habeas L.R. 2254-29(h).  Under

25   Federal Rule of Civil Procedure 16(b), the Court's scheduling orders with respect to discovery and

26   other case management issues may be modified only for "good cause."  Fed. R. Civ. P. 16(b)(4); *see*

27   *also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087(9th Cir. 2002) ("In general, the pretrial

28   scheduling order can only be modified upon a showing of good cause.") (internal quotation marks

**United States District Court**
For the Northern District of California

5

Case No. 5:98-cv-21027-JF
ORDER RE PET'R'S CLAIM OF PRIVILEGE, PET'R'S MOT. TO SEAL, AND RESP'T'S MTS

and citation omitted).  "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Id.* (internal quotation marks and citation omitted).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  *Id.*  (internal quotation marks and citation omitted).

As set forth above, the Court's 2002 order governing the discovery schedule required Petitioner to produce trial counsel's files to Respondent or, to the extent that Petitioner claimed privilege as to particular documents, to submit those documents to the Court for *in camera* review by December 13, 2002.  Although Petitioner's recently filed "Claim of Privilege and Privilege Log" and "Notice of Compliance" are not styled as motions to modify the Court's 2002 order, Petitioner in effect seeks a modification of that order, i.e., an after-the-fact extension of the deadline for asserting privilege as to trial counsel's files.  Petitioner has not even attempted to show good cause for such an extension.  He offers no explanation whatsoever as to why he did not and could not have submitted a privilege log within the time allowed and extended by the Court or at least within some reasonable period of time thereafter.  Instead, Petitioner's present attorney, Mr. Thomson, argues that he should not be held responsible for the failure of Petitioner's former attorney, Mr. Giannini, to comply with the deadline.  Mr. Thomson does not cite any legal authority on point, provide any evidence as to Mr. Giannini's conduct, or explain his own lack of action since his appointment as counsel in 2006.  Instead, he notes that under California Civil Code § 3531, "The law never requires impossibilities."  Petitioner's citation to this maxim of California law is insufficient to excuse more than a decade of noncompliance with a court order.

Petitioner also claims that Mr. Matthias was "complicit" in Mr. Giannini's failure to disclose trial counsel's files.  As the Court understands Petitioner's argument, Mr. Matthias must have known that Mr. Giannini had not produced all of trial counsel's files because at one point Mr. Giannini stated that those files were stored in "nine" banker's boxes while Mr. Giannini produced only four banker's boxes.  Speculation as what inferences Mr. Matthias may have drawn from this asserted discrepancy is insufficient to establish that Mr. Matthias was complicit in Mr. Giannini's failure to comply with the Court's order.  The Court notes that, once again, Petitioner does not cite any legal authority on point.

6

1   Accordingly, the Court concludes that Petitioner has failed to show good cause to modify the

2   deadline for claiming privilege.  The Court also agrees with Respondent that any claim of privilege

3   based upon attorney-client privilege has been waived in any event given Petitioner's claim that trial

4   counsel rendered ineffective assistance.  *See Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir.

5   2003) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim

6   of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications

7   with his allegedly ineffective lawyer.").  Petitioner acknowledges this rule, but argues that because

8   the Court has phased the proceedings such that Petitioner's mental health claims will be addressed

9   first, any waiver of the attorney-client privilege is limited to mental health claims at this time.   Yet

10   again, Petitioner cites no legal authority for this proposition, nor is the argument logical.

11   Petitioner's allegations regarding ineffective assistance of trial counsel are quite broad.  Thus even if

12   Petitioner were entitled to assert privilege at this late date (which he is not), the Court would

13   conclude that the attorney-client privilege has been waived with respect to all of trial counsel's files.

### III. ORDER

15   Accordingly, and good cause therefor appearing,

16   (1) Petitioner is precluded from asserting privilege as to trial counsel's files;

17   (2) Petitioner's administrative motion to file documents under seal is denied;

18   (3) Respondent's motion to strike is denied; Respondent's alternative motion for leave to file
19   a response to Petitioner's reply is granted; and

20   (4) Petitioner shall produce to Respondent a complete set of trial counsel's files identical to
    that possessed by Petitioner; such production shall be completed on or before February 25,
21   2014.

22   DATED:  February 11, 2014



23   _____
    JEREMY FOGEL
24   United States District Judge