**E-Filed 2/24/2014**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MICHAEL DENNIS,<br><br>Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>Respondent. | Case No. 5:98-cv-21027-JF<br><br>ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION<br><br>[ECF Nos. 293, 294] |

The Court has granted Respondent's motions for summary judgment with respect to a number of Petitioner's claims for relief, including Claims 21 and 22. *See* ECF Nos. 117, 240. Claim 21 alleges that the California Supreme Court did not provide meaningful review of Petitioner's case and institutionally does not provide meaningful review of capital judgments as required by the Fifth, Eighth, and Fourteenth Amendments. Claim 22 alleges that California's death penalty law does not narrow the class of death-eligible offenders as required by the Eighth and Fourteenth Amendments. Petitioner moves to expand the record with fifteen new exhibits that he asserts are relevant to dismissed Claims 21 and 22[1] and for leave to seek reconsideration based upon

---

[1] Petitioner also asserts that the new exhibits are relevant to pending Claim 25, which alleges cumulative constitutional error.

the new exhibits.  Respondent opposes both motions.

## I. MOTION TO EXPAND THE RECORD

Petitioner seeks to expand the record as to Claim 21 to include the following exhibits:

| | |
|---|---|
| Exhibit 1: | Statement of the Vote:  General Election (November 1986); |
| Exhibit 2: | Judicial Independence, the Confirmation Election, and Republican Government, Text of Talk (January 29, 1986); |
| Exhibit 3: | California District Attorneys Association, Prosecutor's Whitepaper on the Supreme Court Confirmation (February 28, 1985); |
| Exhibit 4: | Californians to Defeat Rose Bird (September 15, 1985); |
| Exhibit 5: | Declaration and Testimony of Justin McCrary (July 6, 2008); |
| Exhibit 6: | Declaration and Testimony of Sam Kamin (July 14, 2009); |
| Exhibit 7: | Declaration and Testimony of John Poulos (July 26, 2009); |
| Exhibit 8: | California Supreme Court Capital Decisions, 1982-2011; and |
| Exhibit 9: | Declaration and Testimony of Gerald Uelman (January 28, 2010). |

Petitioner contends that these exhibits demonstrate that opponents of former Chief Judge Rose Bird manipulated the California Supreme Court's death penalty jurisprudence by removing justices who had decided cases in favor of death-sentenced appellants.  Petitioner acknowledges that Exhibits 1through4 contain information that has been available publicly since the mid-1980s, but he asserts that those exhibits provide necessary background for the expert declarations and testimony contained in Exhibits 5-7 and 9.  The experts conclude that since the 1980s "purge," the California Supreme Court has decided capital cases in an arbitrary and disparate manner.

Petitioner seeks to expand the record as to Claim 22 to include the following exhibits:

| | |
|---|---|
| Exhibit 9: | Declaration of Gerald Uelman (January 28, 2010) |
| Exhibit 10: | Declaration and Testimony of George Woodworth (November 22, 2010) |
| Exhibit 11: | Declaration and Testimony of Steven Shatz (January 28, 2010) |
| Exhibit 12: | Declaration of Donald Heller (January 27, 2010) |

2

Case No. 5:98-cv-21027-JF
ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND DENYING LTF RECON

| | | |
|---|---|---|
| Exhibit 13: | | California Commission on the Fair Administration of Justice, Testimony and Report (January 27, 2010) |
| Exhibit 14: | | Declaration and Testimony of David Baldus (November 19, 2010) |
| Exhibit 15: | | Declaration of Steven Shatz (June 18, 2013) |

Petitioner contends that these exhibits describe the political influences that have shaped California's death penalty jurisprudence and demonstrate that very few convicted murderers are not death-eligible under California's death penalty law.

**A.     Legal Standards**

If a habeas petition "is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition." 28 U.S.C. foll. § 2254, R. 7(a). "The materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." 28 U.S.C. foll. § 2254, R. 7(b). "Affidavits may also be submitted and considered as part of the record." *Id.*

A district court's discretion to grant a petitioner's motion to expand the record is constrained by the requirements of 28 U.S.C. § 2254(e)(2). *Holland v. Jackson*, 542 U.S. 649, 653 (2004) (holding that the requirements of § 2254(e)(2) "apply *a fortiori* when a prisoner seeks relief based on new evidence without an evidentiary hearing"); *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (holding that "the conditions of § 2254(e)(2) generally apply to Petitioners seeking relief based on new evidence, even when they do not seek an evidentiary hearing"). As relevant here, § 2254(e)(2) provides that if a petitioner "has failed to develop the factual basis of a claim in State court proceedings," a district court may not hold an evidentiary hearing on the claim unless the petitioner shows that: the claim relies on "a factual predicate that could not have been previously discovered through the exercise of due diligence"; and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2).

"A petitioner 'fail[s] to develop the factual basis of a claim in State court proceedings' under the opening clause of § 2254(e)(2) where 'there is lack of diligence, or some greater fault,

1 attributable to the prisoner or the prisoner's counsel.'" *Lopez v. Ryan*, 630 F.3d 1198, 1205 (9th Cir.
2 2011) (quoting *Williams v. Taylor*, 529 U.S. 420, 432 (2000)) (alternation in original). "Diligence
3 'depends upon whether the prisoner made a reasonable attempt, in light of the information available
4 at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether
5 those efforts could have been successful.'" *Id.* at 1205-06 (quoting *Williams*, 529 U.S. at 435). "If
6 there has been no lack of diligence at the relevant stages in the state proceedings, the prisoner has
7 not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from
8 showing compliance with the balance of the subsection's requirements." *Williams*, 529 U.S. at 437.

## B. Discussion

The Court concludes that Petitioner was diligent in attempting to investigate and pursue Claims 21 and 22 in state court and thus that he need not meet the remaining requirements of § 2254(e)(2). As set forth in his moving papers, Petitioner raised these claims in state court and requested an evidentiary hearing, discovery, funding, and the opportunity to investigate. Mot. to Expand R. at 1-6, 16-17, ECF No. 293. Respondent does not argue that Petitioner failed to develop the facts underlying Claims 21 and 22 in state court. Nor does Respondent offer any argument with respect to the requirements of § 2254(e)(2). Instead, Respondent asserts that the motion is futile because the new exhibits relate to claims as to which the Court has granted summary judgment for Respondent. Opp. to Mot. to Expand R. at 1-2, ECF No. 297. However, as noted above, Petitioner seeks leave to file a motion for reconsideration as to those rulings.[2] Because the new exhibits are offered in support of that motion, which potentially could afford Petitioner relief, the Court concludes that the motion to expand the record is not futile. Moreover, the new exhibits fall within the scope of those authorized by Rule 7. Accordingly, the motion to expand the record will be granted.

## II. MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION

Petitioner seeks leave to file a motion for reconsideration of the Court's adverse summary

---

[2] Respondent states that in the event the Court grants Petitioner leave to seek reconsideration, Respondent will present substantive argument as to why reconsideration is not warranted. Opp. to Mot. to Expand R. at 2, ECF No. 297.

4

judgment rulings as to Claims 21 and 22.

### A. Legal Standards

"Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civ. L.R. 7-9(a). The party seeking reconsideration "must specifically show reasonable diligence in bringing the motion." Civ. L.R. 7-9(b). In addition, the moving party must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.*

### B. Discussion

Petitioner has not shown reasonable diligence in bringing this motion for leave to seek reconsideration. *See* Civ. L.R. 7-9(b). Petitioner's motion is based upon new exhibits containing: records that have been available publicly since the 1980's, California Supreme Court capital decisions published between 1982 and 2011, and expert testimony and declarations. With one exception, the expert testimony and declarations date between 2008 and 2010. Petitioner did not seek leave to file a motion for reconsideration until February 2014. Petitioner has not submitted a declaration or other evidence explaining this delay of several years.[3] The motion will be denied on this basis.

However, even if he had been diligent in seeking leave to file a motion for reconsideration,

---

[3] Even the single declaration dated after 2010 was executed eight months before Petitioner filed this motion for leave to seek reconsideration.

5

Case No. 5:98-cv-21027-JF
ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND DENYING LTF RECON

1  Petitioner has not established that the new exhibits contain new or different "material" facts. With
2  respect to Claim 21, Petitioner asserts that Exhibits 1 through 9 show that political pressure has
3  changed the California Supreme Court's jurisprudence on capital punishment and has caused the
4  California Supreme Court to apply the death penalty in an arbitrary and disparate manner. With
5  respect to Claim 22, Petitioner asserts that Exhibits 9 through 15 show that California's death penalty
6  law does not adequately narrow the class of death-eligible offenders. None of the exhibits purports
7  to show that the justices who considered *Petitioner's* case were influenced by political
8  considerations or deprived *Petitioner* of any constitutional rights. Nor are the exhibits sufficient to
9  overcome "the general presumption that judges are unbiased and honest." *Ortiz v. Stewart*, 149 F.3d
10 923, 938 (9th Cir. 1998); *see also Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (holding that a
11 claimant asserting bias "must overcome a presumption of honesty and integrity in those serving as
12 adjudicators"). The Court has not discovered a single reported decision adopting the arguments
13 raised by Petitioner here; to the contrary, all of the relevant decisions reject those arguments
14 soundly. *See, e.g., Frye v. Warden, San Quentin State Prison*, No. 2:99-cv-0628 LKK CKD, 2013
15 WL 6271928, at *13-14, *66-67 (E.D. Cal. Dec. 4, 2013); *Rundle v. Warden*, No. 2:08-cv-01879
16 TLN KJN, 2013 WL 6178506, at *181-82 (E.D. Cal. Nov. 22, 2013); *Carter v. Chappell*, No.
17 06cv1343 BEN (KSC), 2013 WL 1120657, *194-95, *197-201 (S.D. Cal. Mar. 18, 2013);
18 *Carpenter v. Martel*, No. C 00–3706 MMC, 2011 WL 5444165, at *15 (N.D. Cal. Nov. 9, 2011).
19 The Court concludes that the new facts proffered by Petitioner do not give rise to any potential for
20 relief with respect to Claims 21 and 22 and thus are not "material" within the meaning of Civil
21 Local Rule 7-9(b).

### III. ORDER

Accordingly, and good cause therefor appearing,

(1) Petitioner's motion to expand the record is GRANTED; and

(2) Petitioner's motion for leave to file a motion for reconsideration is DENIED.

DATED: February 24, 2014



JEREMY FOGEL
United States District Judge

6

Case No. 5:98-cv-21027-JF
ORDER GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD AND DENYING LTF RECON