\*\*E-Filed 2/24/2014\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MICHAEL DENNIS,<br><br>    Petitioner,<br><br>v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 5:98-cv-21027-JF<br><br>ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER PRECLUDING PETITIONER FROM ASSERTING PRIVILEGE<br><br>[ECF No. 334] |

On February 11, 2014, the Court issued an order precluding Petitioner from asserting privilege as to trial counsel's files and directing Petitioner to produce those files to Respondent. Feb. 11 Order, ECF No. 333.  Although Petitioner had been ordered to submit a privilege log on or before December 13, 2002,  he did not do so until January 26, 2014.  The Court concluded that Petitioner had failed to demonstrate good cause for an after-the-fact extension of the December 2002 deadline.  *Id.* at 7.  The Court also concluded that Petitioner had waived the attorney-client privilege as to trial counsel's files as a result of his assertion of a claim of ineffective assistance of trial counsel.  *Id*.  Petitioner seeks leave to file a motion for reconsideration of those rulings.

"Before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case, any party may make a motion before a Judge requesting that the Judge grant

the party leave to file a motion for reconsideration of any interlocutory order on any ground set forth in Civil L.R. 7-9 (b)." Civ. L.R. 7-9(a). The party seeking reconsideration "must specifically show reasonable diligence in bringing the motion." Civ. L.R. 7-9(b). In addition, the moving party must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*Id.*

There is no question that Petitioner acted diligently in bringing the present motion, which was filed less than a week after the order it challenges. Petitioner seeks relief under subsection (3), arguing that the Court failed to consider material facts and dispositive legal arguments that he presented on the question of privilege. Specifically, Petitioner argues that the Court overlooked the following material facts showing that he has good cause for asserting privilege now despite his failure to comply with the 2002 deadline: he has been incarcerated at San Quentin State Prison throughout this proceeding; he had no reason to believe that his prior counsel, Mr. Giannini, had not complied with the Court's 2002 deadline for claiming privilege; his current counsel, Mr. Thomson, initially believed that Mr. Giannini had produced all of trial counsel's files to Respondent; and Mr. Thomson did not discover until 2013 that Respondent was not in possession of all of trial counsel's files (and thus that a claim of privilege still might be viable). Petitioner argues that he should not be bound by Mr. Giannini's failure to comply with the Court's 2002 deadline because he had no control over Mr. Giannini's conduct and no ability to submit a privilege log on his own behalf even had he realized that Mr. Giannini had failed to comply with the Court's order.

Petitioner's current counsel, Mr. Thomson, has not cited authority directly on point, nor has the Court discovered any. The most analogous cases appear to be those in which a habeas petitioner

seeks relief from the AEDPA's[1] one-year limitations period on grounds that the late filing resulted from counsel's negligence or misconduct. The Ninth Circuit has held that in capital cases, in which an indigent petitioner has a statutory right to counsel, the dereliction of appointed counsel may constitute an extraordinary circumstance sufficient to warrant tolling the statute of limitations. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (discussing *Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997)).

If there were any showing that Mr. Giannini had committed a dereliction of duty, the Court would have to consider whether that dereliction was sufficiently serious to amount to good cause to extend the 2002 deadline. However, the record contains no indication at all as to why Mr. Giannini did not submit a privilege log. Indeed, it is entirely plausible that Mr. Giannini may have made a reasoned decision *not* to assert privilege as to trial counsel's files. Mr. Giannini continued as Petitioner's sole counsel for four years after the expiration of the December 2002 deadline. During that time, he filed numerous motions, filed and briefed an amended petition, and otherwise participated fully and actively in the litigation of Petitioner's claims. *See* ECF Nos. 146-99. In light of these actions, it would be entirely speculative for the Court to conclude that Mr. Giannini simply forgot to submit a privilege log, especially since as noted in the February 11 order he expressly sought and received an extension of time within which to do so. The fact that Mr. Thomson, who was appointed to represent Petitioner several years later, now wishes to assert various claims of privilege does not constitute good cause for extending a deadline that expired several years prior to Mr. Thomson's appointment.

Petitioner also argues that the Court overlooked dispositive legal authority as to the scope of his waiver of the attorney-client privilege. Petitioner asserts that *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), and its progeny limit Petitioner's waiver to mental health issues, because the Court has phased the litigation to address mental health issues first. The Court considered *Bittaker* before issuing its ruling, and in fact it cited *Bittaker* for the proposition that "[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to *all* communications with his allegedly

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214.

ineffective lawyer." *Id.* at 716 (emphasis added), *cited in* Feb. 11 Order at 7, ECF No. 333.

The issue addressed in *Bittaker* was "the scope of the habeas petitioner's waiver: Does it extend only to litigation of the federal habeas petition, or is the attorney-client privilege waived for all time and all purposes – including the possible retrial of the petitioner, should he succeed in setting aside his original conviction or sentence?" *Id.* at 717. In concluding that the waiver is limited in scope to the federal habeas proceedings, the Ninth Circuit noted that courts imposing such waivers have "closely tailored the scope of the waiver to the needs of the opposing party in litigating the claim in question." *Id.* at 720. This language, upon which the Petitioner relies expressly, *see* Pet'r's Mot. at 8, ECF No. 334, provides no support for his position. The "claim" in question is Petitioner's claim that trial counsel rendered ineffective assistance. As noted above, Petitioner's assertion of that claim operates as a waiver of "*all* communications with his allegedly ineffective lawyer." *Bittaker*, 331 F.3d at 716 (emphasis added). Neither *Bittaker* nor any other case of which the Court is aware holds that when litigation of an ineffective assistance claim is phased, the waiver of the attorney-client privilege somehow is "phased" as well.

## ORDER

Accordingly, and good cause therefor appearing,

Petitioner's motion for leave to file a motion for reconsideration is DENIED.

Dated: February 24, 2014

_____
JEREMY FOGEL
United States District Judge