IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM MICHAEL DENNIS,<br><br>    Petitioner,<br><br>    v.<br><br>KEVIN CHAPPELL, Warden of San Quentin State Prison,<br><br>    Respondent. | Case No. 5:98-cv-21027-JF<br><br>ORDER DENYING PETITIONER'S REQUEST TO BE PRESENT AT THE EVIDENTIARY HEARING |

On June 24, 2010, the Court bifurcated the evidentiary hearing in this case in order to address the mental health claims asserted by Petitioner William Michael Dennis ("Dennis") before addressing Dennis's other claims. *See* Order Bifurcating Evidentiary Hearing, ECF No. 254. The Court limited the mental health phase of the evidentiary hearing to testimony of medical and legal professionals. *Id.* On August 15, 2013, the Court set the mental health phase of the evidentiary hearing for April 21, 2014 through April 25, 2014. *See* Corrected Clerk's Notice, ECF No. 296. Since August 2013, the parties have undertaken significant preparation for the evidentiary hearing and have litigated some aspects of the hearing, including Dennis's request to depose Respondent's expert prior to the hearing.

On April 11, 2014, Dennis's counsel, Mr. Thomson, notified chambers staff and

Case No. 5:98-cv-21027-JF
ORDER DENYING PETITIONER'S REQUEST TO BE PRESENT AT THE EVIDENTIARY HEARING

Respondent's counsel, Mr. Matthias, via email that Dennis requests to be present at the evidentiary hearing. This email notification was the first time that Mr. Thomson had communicated Dennis's request to either the Court or Mr. Matthias. Mr. Thomson initially took the position that Petitioner's presence is required, but then in a subsequent email to chambers staff and to Mr. Matthias, Mr. Thomson conceded that the Court has discretion whether to order Dennis's presence. Mr. Thomson asserts that Dennis would be able to assist him during the evidentiary hearing because Dennis has been examined by many of the experts who will testify at the hearing.

"[A] petitioner does not have an automatic right to be present at a hearing in which he is collaterally attacking his criminal conviction." *Wade v. Calderon*, 29 F.3d 1312, 1325 (9th Cir. 1994) (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)), *overruled on other grounds*, *Rohan ex. rel. Gates v. Woodford*, 334 F.3d 803, 815 (9th Cir. 2003). In *Wade*, the Court of Appeals concluded that the district court had not abused its discretion in declining to order a state prisoner's presence at an evidentiary hearing on the prisoner's federal habeas petition. *Id.* The Court of Appeals noted that the prisoner was not expected to testify at the evidentiary hearing and had not made a showing that he could offer any relevant evidence at the hearing. *Id.* at 1326.

Dennis will not be testifying at the evidentiary hearing in the present case. Moreover, despite Mr. Thomson's assertion that Dennis would be able to assist him at the hearing, it is unclear how Dennis could assist Mr. Thomson in assessing testimony given by medical and legal professionals on the subject of Dennis's mental health. Under these circumstances, and in light of the difficulty in arranging for the last-minute transportation, housing, and security with respect to a death row inmate, Dennis's request to be present at the evidentiary hearing is DENIED.

IT IS SO ORDERED.

DATED: April 15, 2014

_____
JEREMY FOGEL
United States District Judge