UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MICHAEL DENNIS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>RON DAVIS, Warden of California State Prison at San Quentin,<br><br>　　　　Respondent. | Case No. 98-cv-21027-JF<br><br>**ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MOTION TO RECONSIDER**<br><br>**DEATH PENALTY CASE**<br><br>Re: Dkt. No. 427 |

## BACKGROUND

On December 19, 2017, this Court issued an Order denying Claims 3, 7, and 11 of the instant petition. *See* Dkt. No. 423. The Court made its decision after holding a three-day evidentiary hearing featuring lengthy testimony from several expert witnesses and considering the parties' extensive pleadings, filings, and post-hearing briefs. *See* Dkt. Nos. 388-390, 401, 403, & 408. On March 7, 2018, Petitioner filed a motion for leave to file a motion to reconsider the Order. *See* Dkt. No. 427.

## DISCUSSION

**a. Standard of Review**

Pursuant to Civil Local Rule 7-9(b), a party moving for leave to file a motion to reconsider is required to show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also mush show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

1

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

*See* Civil L.R. 7-9(b).

As discussed below, Petitioner has not shown that any of these circumstances exist. Even if he had, the Court would reject Petitioner's arguments on the merits.

**b. Analysis**

Petitioner argues the Court should grant his request for leave to file a motion to reconsider because there was a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." *See* Civil L.R. 7-9(b)(3). Specifically, Petitioner argues this Court applied the wrong standard of review to Claim 17, erred in ruling on Claims 3, 11, and 17 in the "absence of merits briefing," and erred in denying the claims without "receiving lay witness testimony." *See* Dkt. No. 427 at 2, 5, & 8.

### 1. Claim 17 Standard of Review

Petitioner argues that the Court "improperly applied AEDPA's exacting standard [of review] to the merits of Claim 17," rather than considering the claims *de novo*. Petitioner contends that AEDPA review was inappropriate because, as he established a prima facie case for relief, the California Supreme Court's decision to deny the underlying claim on the merits was "objectively unreasonable" for purposes of 28 U.S.C. § 2254(d). *See* Dkt. No. 427 at 2-3.

Petitioner made a similar argument in his post-hearing brief, *see* Dkt. No. 401 at 33-34, and the Court addressed that argument directly in its Order denying Claims 3, 11, and 17. The Court did not decide whether Petitioner was entitled to *de novo* review, but it ruled as a threshold matter that "Petitioner's claims would be unmeritorious even if this Court were to consider Petitioner's 'new' evidence *de novo*," in part because the Court found that Petitioner's "new" evidence was "cumulative in nature" to that which was provided to the state court in support of the claims at issue. *See* Dkt. No. 423 at 45. Additionally, while it concluded its analysis of Petitioner's various arguments under Claim 17 by noting that the California Supreme Court

2

reasonably could have rejected those arguments, this Court nonetheless independently evaluated each of Petitioner's arguments regarding trial counsel's alleged ineffectiveness on their own merits. *See, e.g.*, Dkt. No. 423. at 74 ("To the extent that Petitioner argues . . . trial counsel's failure to present mental health testimony was not a strategy choice[,] . . . this Court again finds and concludes that the record shows otherwise"); *id.* at 76 ("Petitioner already had presented mental health evidence during the guilt phase . . . [u]nder these circumstances, trial counsel reasonably could have concluded that Dr. Garton's testimony . . . would not have been helpful to Petitioner at the penalty phase"); *id.* at 78 ("Counsel reasonably could have made a strategic decision not to open the door for the prosecution to introduce evidence to rebut any 'future dangerousness' evidence presented by the defense. . ."); *id.* ("[F]or the reasons already discussed above, Petitioner's contention that the jury was unable to consider mitigating evidence, including mental health evidence, is meritless").

Accordingly, Petitioner is not entitled to reconsideration on this ground.

**2. Merits Briefing**

Petitioner next argues that the Court erred in ruling on his claims in the "absence of merits briefing." *See* Dkt. No. 427 at 5. According to Petitioner, "[i]n cases in which the petition is not dismissed summarily, "it can be assumed that the court will await a full round of briefing (including a reply brief) before deciding the case." *See id.* at 7 (citations omitted).

Petitioner cites an Eleventh Circuit case in support of his argument that adversarial merits briefing is an indispensable part of habeas case resolution. *See McNabb v. Comm'r Alabama Dep't of Corr.*, 727 F.3d 1334, 1339-1340 (11th Cir. 2013). *McNabb* is not binding on this Court and, in any event, it does not support Petitioner's argument. In *McNabb*, a district court dismissed a petitioner's habeas petition without offering the parties an opportunity to file merits briefs despite stating in a scheduling order that it would rule on procedural default and allow the parties to brief the remaining claims. While the Eleventh Circuit noted its disapproval of the district court's decision to rule on the claims without allowing any briefing, it ultimately held that the

district court's actions had not amounted to a due process violation, noting that the habeas local rules did not provide for merits briefing and that petitioners "ha[ve] no right to briefing." *Id.* at 1340.

Even if *McNabb* supported Petitioner's contention that he was entitled to separate merits briefing, however, it would be easily distinguishable. First, unlike the petitioner in *McNabb*, Petitioner repeatedly "request[ed] that the Court rule on [C]laims 3, 11, and 17," and did not request leave to file any additional briefing at that time. *See* Dkt. No. 422. Second, Petitioner had a full opportunity to brief how the "new" evidence presented at the evidentiary hearing affected Claims 3, 11, and 17. Indeed, the Court asked the parties to brief whether they believed any new, non-cumulative evidence was presented, whether such evidence was admissible and for what purpose, and, if so, what standard of review must be applied to the evidence for purposes of the Court's determination of each witness' credibility. *See* Dkt. No. 381 at 86-88. Accordingly, the principal purpose of the post-hearing briefs was to explain to the Court why the "new" evidence entitled Petitioner to relief, effectively allowing him to brief the merits of his claims.

As Petitioner was able to submit briefing on the merits of his claims and does not, beyond asserting he was unable to "fully" brief his claims, identify any material facts or dispositive legal arguments that were not considered by the Court, Petitioner is not entitled to reconsideration on this ground.

### 3. Lay Witness Testimony

Finally, Petitioner argues that the Court erred when it denied Petitioner's claims without first hearing the live testimony of forty-six lay witnesses whose declarations were relied upon by Petitioner's expert witnesses. *See* Dkt. No. 427 at 9. The Court summarized this lay witness testimony its Order denying Claims 3, 11, and 17. *See* Dkt. No. 423 at 39-41.

In ruling on Claims 3, 11, and 17, the Court expressly "consider[ed] the evidence produced by the parties during, and in preparation for, the 2014 evidentiary hearing," including the forty-six lay declarations. *See* Dkt. No. 423 at 45 & 39-41. The Court did not, either explicitly or

4

implicitly, make any adverse credibility determinations as to the lay witnesses' declarations. Rather, the Court determined that the evidence presented in the lay witness declarations, even if taken as true, was cumulative to evidence already in the record as to Claims 3, 11, and 17, and therefore did not alter the Court's determination that Petitioner was not entitled to relief on those claims. *See id.* at 45 & 50-51. An evidentiary hearing with respect to the lay witness testimony thus was unnecessary.[1]

#### CONCLUSION

Good cause therefor appearing, the motion for leave to file a motion for reconsideration is DENIED. The parties should continue adhering to the briefing schedule set out in the Court's January 26, 2018 Order, *see* Docket No. 425, for disposition of Petitioner's remaining claims.

**IT IS SO ORDERED.**

This order disposes of Dkt. No. 427.

DATED: April 3, 2018

_____
JEREMY D. FOGEL
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner has expressed some confusion regarding the Court's request that the parties brief whether an evidentiary hearing is necessary as to Petitioner's remaining claims. As explained above, the Court determined that an evidentiary hearing with respect to the lay witness testimony was not necessary as to Claims 3, 11, or 17. The Court has not, however, considered the merits of Petitioner's remaining claims and has yet to determine whether an additional evidentiary hearing is necessary for purposes of the Court's review of those claims.